acceptable in a court of law, there is a strong indication from remarks made by the appraiser at Honolulu, and the fact that the plaintiff was returning home after spending 2 years in China, that he was a part of the personnel of the United States engaged in the foreign field. In such case, he would come within the ruling that the personal and household effects of any person in the service of the United States, or of his family, returning to the United States under Government orders, are admissible without the payment of duty. See the case of *Eugene G. McAbee v. United States*, 22 Cust. Ct. 19, C. D. 1151, where it was held that the personal effects of a captain of the United States Army, even though comprising several valuable articles of one class, were exempt from duty under the provisions of Public Law 633, approved June 27, 1942, and within the terms of section 8.26b of the treasury regulations, as published in T. D. 50678.

Inasmuch, however, as the plaintiff failed to submit any evidence in the form of sworn testimony before this court, the action of the collector of customs, in assessing duty, which under the law is presumptively correct until proved erroneous, must be sustained. Under rule 6 (a) of the Rules of the United States Customs Court, the plaintiff may file a motion for rehearing with the clerk of the court at New York within 30 days from the entry of judgment, and request that a hearing be held at a port nearest his place of residence.

For the reasons stated, this court is constrained to enter judgment in favor of the Government.

### CONCURRING IN THE RESULT

CLINE, Judge: I concur in the result.

### CONCURRING IN THE RESULT

EKWALL, Judge: I concur in the holding of my associates that the protest should be overruled for lack of evidence. The only evidence of the facts surrounding the importation consists of the official report of the deputy collector, the baggage declaration, and entry. From such documentary evidence I can find no basis for the statements in the majority opinion concerning the actions of the customs officials. The allegations in the protest have no evidentiary value.

### BEFORE THE FIRST DIVISION, MARCH 16, 1950

**No. 54121.**—Fries Bros. et al. *v.* United States, protests 137640–K, etc. (New York).

Opinion by COLE, J. In accordance with stipulation of counsel that the merchandise consists of eucalyptus oil the same in all material respects as that passed upon in *United States* v. *Fries Bros., Inc.* (37 C. C. P. A. 36, C. A. D. 416), the claim at 15 percent under paragraph 58 was sustained.

**No. 54122.**—Fries Bros., Inc., et al. *v.* United States, protests 145283–K, etc. (New York).

Opinion by COLE, J. In accordance with stipulation of counsel that the merchandise consists of eucalyptus oil the same in all material respects as that passed upon in *United States* v. *Fries Bros., Inc.* (37 C. C. P. A. 36, C. A. D. 416), the claims of the plaintiffs were sustained.

### BEFORE THE SECOND DIVISION, MARCH 16, 1950

**No. 54123.**—Montgomery Ward & Co. *v.* United States, protest 482358–G (St. Paul).

Opinion by RAO, J. The protest was dismissed.

**No. 54124.**—Gimbel Bros., Inc., et al. *v.* United States, protests 563371–G, etc. (Milwaukee).

Opinion by RAO, J. The protests were dismissed.

**No. 54125.**—Atlas Cordage Co. *v.* United States, protests 992994–G, 992995–G, and 36957–K (Los Angeles).

Opinion by RAO, J. The protests were dismissed.

**No. 54126.**—Jordan Marsh Co. and R. H. White Co. *v.* United States, protests 69484–K and 61341–K (Boston).

Opinion by RAO, J. The protests were dismissed.

**No. 54127.**—J. E. Bernard & Co., Inc., et al. *v.* United States, protests 106437–K/91442, etc. (Chicago).

Opinion by RAO, J. The protests were dismissed.

**No. 54128.**—Mussman & Shafer, Inc. *v.* United States, protest 147289–K (Cleveland).

Opinion by RAO, J. The protest was dismissed.

**No. 54129.**—F. W. Myers & Company, Inc. *v.* United States, protest 149174–K (Detroit).

Opinion by RAO, J. The protest was dismissed.

### BEFORE THE THIRD DIVISION, MARCH 16, 1950

**No. 54130.**—Hopper McGow & Co. et al. *v.* United States, protests 731141–G, etc. (Baltimore).

Opinion by EKWALL, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.